**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MATHEW USHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:16-CV-1297-B-BH** |
| | ) | |
| **CHIEF U.S. MARSHAL ILLINOIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for full case management. Before the Court is the plaintiff's *Motion to Reconsider De Novo Anew/Hear De Novo*, received January 17, 2017 (doc. 17). Based on the relevant findings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), and it should be denied.

## I.  BACKGROUND

On May 11, 2016, federal prisoner Mathew Usher (Plaintiff) filed this *pro se* action for monetary damages against the Chief U.S. Marshal DBA U.S. Marshal Service Urbana, Illinois Office; the Warden DBA FCI Elkton and Records Dept. (Federal Correctional Institute in Elkton, Ohio); and the DSCC Director DBA FBOP Designation and Sentence Comp. Ctr. in Grand Prairie, Texas, based on the calculation of his federal prison sentence. (*See* doc. 3 at 1-2.)[1] He claims that his sentence was miscalculated, that he did not receive time credit for pretrial detention, and that the time he spent in pretrial detention for which he did not receive credit to his sentence is property and has value. (*Id.* at 2, 4-5.) He expressly seeks monetary damages. (*Id.* at 3, 7-8.)

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

After the preliminary screening of a prisoner lawsuit seeking redress from an officer or employee of a governmental entity that is required by 28 U.S.C. § 1915A , it was recommended that this action be dismissed with prejudice until Plaintiff satisfied the conditions in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a finding in Plaintiff's favor on his various claims for monetary damages based on the alleged miscalculation of his sentence would necessarily imply its invalidity.   (*See* doc. 12.)   Over Plaintiff's objections, the recommendation was accepted on December 23, 2016,  and judgment was entered. (*See* docs. 13, 15, 16.)  On December 19, 2016, Plaintiff mailed his motion for reconsideration of his objections to the recommended dismissal of his action based on *Heck*.  (See doc. 17.)

## II.  FED. R. CIV. P. 59(e)

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*.".  *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994).  Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).  *Id.*

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although

2

courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff is only reasserting his objections to the recommended dismissal of his complaint. Although he now claims that he sues for breach of contract and breach of implied contract, and seeks review under the Administrative Procedures Act, he still seeks "disgorgement of the dollar value of the days in continuing seizure conditions that some are credited but I have been." He is still challenging the computation of his sentence. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. His motion for reconsideration should be denied.

## III. RECOMMENDATION

Plaintiff's motion for reconsideration, which has been liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), should be **DENIED**.

**SIGNED on this 19th day of January, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4